[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16296
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00058-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANTLEY SEYMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 30, 2013)

Before DUBINA, Chief Judge, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Appellant Brantley Seymore appeals his sentence of 78 months'

incarceration, which is within the middle of the guideline range.  He pleaded guilty

to one count of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), and one count of abetting the distribution of over 28 grams of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and 846.  On appeal, Seymore argues that his sentence was substantively unreasonable under 18 U.S.C. § 3553(a) because the district court did not adequately consider facts he presented at sentencing.  Specifically, he presented to the sentencing court that he led a relatively law-abiding life in which he was productive and gainfully employed before his relapse into drug use and dealing.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). In reviewing a sentencing decision, we must ensure both procedural and substantive reasonableness.  *Id.*  Factors in determining procedural reasonableness include whether the district court properly calculated the Guidelines range, improperly treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain its chosen sentence.  *Id.* After determining the sentence to be procedurally reasonable, we must then consider the substantive reasonableness of the sentence in light of the totality of the circumstances.  *Id.*

The district court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including

2

the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution for victims. *Id.* § 3553(a)(1), (3)-(7).

The appellant bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence posed well below the statutory maximum penalty is another indication of its reasonableness. *See United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

We conclude from the record that Seymore's 78-month sentence is reasonable. Seymore does not argue that the district court committed any

3

procedural error.  As to substantive reasonableness, the sentence was within the guideline range, and we accord an expectation of reasonableness to such a sentence.  *Hunt*, 526 F.3d at 746.  Further, Seymore's sentence of 78 months is well below the statutory maximum for either of his crimes—20 years (240 months) for the first, and 40 years (480 months) for the second, which further indicates that the sentence is reasonable.  *Gonzalez*, 550 F.3d at 1324.

While Seymore argues that the district court failed to give due consideration to his "law-abiding" background, the court explicitly evaluated his background, including his previous and similar drug conviction, his violation of supervised release due to drug use, and his various and habitual driving offenses.  Moreover, in general, "the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal quotation marks and alteration omitted).  Given Seymore's tendency to violate the law in various ways and that his previous 60-month sentence was insufficient to deter him from committing future drug offenses, the district court's sentence was reasonable in light of the record and the § 3553(a) factors.  Seymore has not met his burden to show an abuse of discretion.  Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**